## Emma P. Beynon, Appellant, *v.* Pennsylvania R. R.

*Negligence—Railroads—Crossings—" Stop, look and listen."*

In an action to recover damages for the death of plaintiff's husband a nonsuit entered for contributory negligence will be. sustained, although the case is a close one, where the plaintiff's evidence shows that the deceased approached a railroad crossing in a wagon ; that he stopped about five or ten feet from the track, at a point where the track, when not obscured by mist or smoke, could be seen for a distance of from 900 feet to a mile ; that there was a slight mist, and the track was obscured by smoke for 100 feet from where he was when he began to cross, walking his horses ; that he was struck after he had passed four tracks ; that no signal was given by the train which struck him, and that the speed of the train was about forty miles an hour.

Argued April 3, 1895.    Appeal, No. 234, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1893, No. 160, refusing to take off nonsuit.    Before STER-RETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Trespass to recover damages for the death of plaintiff's husband.    Before FINLETTER, P. J.

At the trial the court entered a compulsory nonsuit.

In the opinion refusing to take off nonsuit, FINLETTER, P. J., stated the facts to be as follows :

" The facts in this case are undisputed and certain.    On the 2d of February 1893, at 5.30 P. M., the husband of the plaintiff · was crossing the railroad at Fuller's Lane and was killed by a passenger train on track No. 1.    He had passed over four tracks.

" He had stopped about five or ten feet from the track and had looked in the direction from which the train came.    He was in a wagon and the witness Watson was on horseback a little behind.    There was a slight mist and a not very high wind, but the tracks when not obscured by smoke could be seen from 900 feet to a mile.    The track was obscured by smoke about 100 feet from where they stood when they began to cross, walking their horses.    The distance from where they stopped to look to a place of safety was about fifty feet.

" There was no evidence that the defendant whistled or rung the bell or had a headlight, and they were in this respect negligent. The rate of speed was forty miles an hour, but there is no evidence that it was unusual or immoderate.

" The nonsuit was entered because the plaintiff's husband was negligent."

GORDON, J., in a dissenting opinion stated the facts as follows:

" The man who was killed approached the railroad crossing in his wagon about twilight of a misty day. The evidence was explicit that he twice stopped and looked and listened, the last time at the edge of the tracks, which he then proceeded to cross, but was struck by an express train running at the rate of forty miles an hour. He had safely crossed four tracks before he was struck. A fellow traveler on horseback crossed all the tracks without injury. No whistle was blown from the engine, no bell was rung until the train was almost at the crossing, and there was no headlight. The points at which the injured man stopped to look and listen were, in the ordinary condition of the tracks, proper places for the performance of that legal duty, as they permitted a clear view of 900 feet. At the time of the accident, however, a freight train which had passed by had left a cloud of smoke and steam hanging over the track on which the train that struck the man was approaching. This obscured the view, so that this track was not clearly open to vision for more than about 100 feet beyond the crossing, when the man last stopped to look. A freight train also passing still further down the track partially obstructed the view."

*Error assigned* was refusal to take off nonsuit.

*D. Stuart Robinson*, for appellant.—Decedent complied with the rule laid down in Beale v. Penna. R. R., 73 Pa. 504; R. R. v. Feller, 84 Pa. 226; Carroll v. R. R., 12 W. N. C. 348; Neimann v. Del. & Hud. Canal Co., 149 Pa. 92: Carr v. R. R., 99 Pa. 505. Kraus v. R. R., 139 Pa. 272, is not applicable to the facts of this case.

*David W. Sellers*, for appellee.

PER CURIAM, May 30, 1895 :

This is a close case, but we are not convinced that the court below erred in holding, as matter of law, that the deceased, Dana R. Beynon, was guilty of contributory negligence in attempting to cross defendant company's tracks at the time and under the circumstances shown by the evidence; and hence the rule to take off the judgment of nonsuit was not improperly discharged.

Judgment affirmed.